UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PEOPLES NATIONAL BANK, N.A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:15CV00996 AGF |
| | ) |
| DEBRA J. MEHLMAN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This diversity matter is before the Court on Defendants' motion to dismiss the case, under Federal Rule of Civil Procedure 12(b)(6). The lawsuit arises out of two loans made by Plaintiff Peoples National Bank, N.A., in 2007 and in 2008, in the total amount of approximately $3.6 million to Defendant Mark S. Mehlman Realty Inc. ("MSM"). Both loans were guaranteed by Defendant Mark Mehlman. Defendants argue that this lawsuit is barred because it is based upon documents, and information derived therefrom, that Plaintiff is precluded from using pursuant to the terms of a protective order entered in a related state court action. They argue further that one count is barred by the doctrine of res judicata. For the reasons set forth below, the motion to dismiss shall be denied.

## BACKGROUND

In 2009, MSM defaulted on the two loans noted above, and in 2011, Plaintiff filed suit in Missouri state court against MSM and Mark Mehlman for breach of the loan agreements. On January 15, 2013, Plaintiff obtained a judgment against these two

Defendants for approximately $1.3 million for money owed on the loans. During the course of post-judgment discovery, the parties to the state court action signed a Stipulated Protective Order which the state court entered on May 14, 2014. The Protective Order provided in pertinent part as follows:

> This Protective Order shall govern all documents and other products of discovery, all information derived therefrom, and all copies, excerpts, or summaries thereof, including electronically stored or saved data or information, obtained by the parties pursuant to documents produced in response to requests for production, including electronically stored or saved data or information, answers to interrogatories, documents subpoenaed and transcripts and video and audio recordings of depositions (hereinafter "Discovery Material").
>
> Discovery Material and all copies of Discovery Material shall be used only for purposes of this litigation and not for any other purposes whatsoever.
>
> * * *
>
> "Confidential Discovery Material" cannot be disclosed or divulged to any person other than those specifically set out in the Protective Order.

(Doc. No. 19-1.)

Defendants assert, and Plaintiff does not dispute, that numerous documents were produced to Plaintiff pursuant to the Protective Order, including but not limited to income tax returns, bank statements, trust documents related to the trust of Debra Mehlman (Mark Mehlman's wife), documents relating to ownership interests in non-party closely held limited liability companies and income derived therefrom; documents reflecting salary and commission information for non-party employees of closely held limited liability companies; and documents reflecting the internal operations of non-party closely held limited liability companies.

On August 20, 2014, Plaintiff filed a motion in the state collection action to designate certain documents it had received in post-judgment discovery as non-confidential so that Plaintiff could use them in other litigation. Plaintiff noted that "[p]er the terms of the Protective Order, . . . [Plaintiff] may not be able to use the Discovery Materials for any other lawsuit but this one." (Doc. No. 19-2). On June 22, 2015, the state court denied the motion, stating that "the parties agreed on how designations of confidential information would be made and on restrictions on its use, as well as the use of other 'discovery material,' including that it shall be used only for purposes of this litigation and not for any other purposes whatsoever." (Doc. No. 19-3.)

Two days later, on June 24, 2015, Plaintiff filed the present action against Mark Mehlman; MSM; Debra Mehlman, individually and as trustee of her trust; Mehlman Homes Realty, LLC; Mark S. Mehlman Homes, LLC; and Mark Mehlman's sons Scott Mehlman and Blair Mehlman. Plaintiff alleges in Count I against Mark Mehlman that Mark Mehlman fraudulently induced Plaintiff to extend the loans, and in Counts II through VII that all Defendants engaged in fraudulent transfers to prevent Plaintiff from collecting the $1.3 million judgment. Plaintiff alleges in the complaint that Plaintiff "only discovered Defendants' bad acts and Defendants' concealment of same when it undertook . . . post-judgment discovery," and that "absent an agreement among the parties, [Plaintiff] will not use information designated as 'confidential' in the Collection Lawsuit in this lawsuit . . . ." (Doc. No. 1 at 5.)

Defendants argue that all claims in the present lawsuit should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because the complaint "is in blatant contravention of the Stipulated Protective Order . . . as well as the State Court Order [of June 22, 2015] which precludes [Plaintiff's] use of Discovery Material for purposes of filing another lawsuit." In a separate motion, Defendants seek leave to engage in discovery for the limited purpose of discovering whether Plaintiff has any independent basis for the allegations in the present complaint, other than documents or information which it is barred from using. As an additional ground for dismissal of Count I against Mark Mehlman for fraud, Defendants invoke the doctrines of res judicata and "claim splitting," arguing that the fraud claim arises out of the same underlying occurrence as the state court breach of contract action, namely the default on the loans made by Plaintiff. Defendants argue that having proceeded to judgment on the loans, Plaintiff cannot now repudiate the loans based on alleged fraudulent inducement.

Plaintiff argues that the Protective Order does not serve to immunize Defendants from suit for fraudulent acts, and that Plaintiff can always engage in duplicative discovery in the context of the present lawsuit. Plaintiff sets forth a list of sources of outside discovery material in the state action upon which it asserts it bases its present claims, such as information obtained from the Missouri Secretary of State regarding the corporate Defendants, and argues that in any event, dismissal of the present lawsuit is not an appropriate remedy for a violation of the Protective Order entered by a state court. In response to Defendants' res judicata argument, Plaintiff maintains that under Missouri

law, a claim for fraud in the inducement of a contract is not barred by a prior action for breach of that contract.

**DISCUSSION**

This Court does not believe that it has the authority to enforce the state court's protective order. *See Caudill Seed & Warehouse Co. v. Jarrow Formulas, Inc.*, No. 3:13–CV–82–H, 2013 WL 3872229, at *2 (W.D. Ky. July 24, 2013) ("[T]he Court appears to lack jurisdiction to enforce the state court issued Protective Order by striking claims in a federal case."); *Lower Town Project, LLC v. Lawyers Title Ins. Corp.*, No. 10–11615, 2012 WL 666574, at *4-5 (E.D. Mich. Feb. 29, 2012); *Field Turf USA, Inc. v. Sports Const. Grp.*, LLC, 2007 WL 4412855, *4 n.7 (N.D. Ohio Dec. 12, 2007) ("This Court has no authority to enforce the state court's protective order and, so, it will leave the resolution of this question to the state court."); *Flint Hills Scientific, LLC v. Davidchack*, No. CIV. A. 00–2334–KHV, 2000 WL 33314112, at *2 (D. Kan. Mar. 27, 2000) (denying a motion to dismiss a federal complaint on the ground that it was based on information obtained during a deposition in a state case that was covered by a protective order entered by the state court). Thus, the motion to dismiss all claims because they are based on information obtained during post-judgment discovery, a use precluded by Protective Order entered by the state court, shall be denied.

The Court also concludes that res judicata does not bar Plaintiff's claim of fraud in the inducement against Mark Mehlman. In diversity cases such as this, "federal law incorporates the rules of preclusion applied by the State in which the rendering court sits." *Welk v. Fed. Nat'l Mortg. Ass'n*, 561 F. App'x 577, 579 (8th Cir. 2014). The Court

believes that under Missouri's law of res judicata, a party who fraudulently induces another to contract and then also refuses to perform the contract commits two separate wrongs, and these wrongs give rise to separate causes of action. The Missouri Court of Appeals has recognized that:

> [i]t is the law that one who has been fraudulently induced into a contract may elect to stand by that contract and sue for damages for the fraud. When this happens and the defrauding party also refuses to perform the contract as it stands, he commits a second wrong, and a separate and distinct cause of action arises for the breach of contract. The same basic transaction gives rise to distinct and independent causes of action which may be consecutively pursued to satisfaction.

*Clayton Brokerage Co. of St. Louis v. Pilla*, 632 S.W.2d 300, 305-06 (Mo. Ct. App. 1982) (quoting *Bankers Trust Co. v. Pac. Employers Ins. Co.*, 282 F.2d 106, 110 (9th Cir. 1960)); *see also McDonald v. Johnson & Johnson*, 776 F.2d 767, 770 (8th Cir. 1985) (applying Minnesota law; citing cases from other states).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss is **DENIED**. (Doc. No. 19.)

**IT IS FURTHER ORDERED** that Defendants' motion for limited expedited discovery is **DENIED**. (Doc. No. 21.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 21st day of October, 2015.

6