UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PEOPLES NATIONAL BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15CV00996 AGF |
| | ) | |
| DEBRA J. MEHLMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This fraud action is before the Court on Defendants' motion to quash subpoenas for the production of documents, served on two banks[1] by Plaintiff People's National Bank, N.A. The lawsuit arises out of two loans made by Plaintiff People's National Bank, N.A., in 2007 and in 2008, in the total amount of approximately $3.6 million to Defendant Mark S. Mehlman Realty Inc. ("MSM"); both loans were guaranteed by Defendant Mark Mehlman. After Plaintiff obtained a judgment in state court against these two Defendants for approximately $1.3 million for money owed on the loans, Plaintiff filed the present action against Mark Mehlman; MSM; Debra Mehlman, individually and as trustee of her trust; Mehlman Homes Realty, LLC; Mark S. Mehlman Homes, LLC; and Mark Mehlman's sons Scott Mehlman and Blair Mehlman. Plaintiff alleges in Count I against Mark Mehlman that Mark Mehlman fraudulently induced

---

[1] The subpoenas were served on three banks, but one has already complied, and so the motion to quash is moot as to that subpoena.

Plaintiff to extend the loans, and in Counts II through VII that all Defendants engaged in fraudulent transfers to prevent Plaintiff from collecting the $1.3 million judgment.

The subpoenas at issue seek Defendants' account statements from 2007 to the present; financial statements, now limited to from 2007 to the present; and loan documents (with respect to one bank). Defendants complain that the subpoenas are overbroad and seek information not relevant to the present lawsuit.

Federal Rule of Civil Procedure 45(3)(A) provides that, on timely motion, a court must quash or modify a subpoena that requires the production of privileged or other protected matter, or subjects a person to undue burden. Here, the Court agrees with Plaintiff that the subpoenas seek relevant, non-privileged information. The Court notes that the banks have not objected to the breadth of the subpoenas or that compliance would be burdensome.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to quash the discovery subpoenas noted above is **DENIED**. (Doc. No. 51.) At Defendants' request, the parties shall confer and attempt to reach an agreement on a protective order to protect confidential information. If the parties are unable to reach an agreement, Defendants may submit a proposed protective order, on or before **December 15, 2015**, for the Court's consideration.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 9th day of December, 2015.