UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PEOPLES NATIONAL BANK, N.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15CV00996 AGF |
| ) | |
| DEBRA J. MEHLMAN, et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

This fraud action is before the Court on Defendants' motion for entry of a protective order. (Doc. No. 58.) Both parties agree on the need for a protective order but disagree about its scope, specifically whether it should preclude Plaintiff from using confidential discovery materials in related litigation. For the reasons set forth below, Defendants' motion shall be granted in part and denied in part, and Plaintiff's proposed protective order (Doc. No. 59-1) shall be entered.

# BACKGROUND

This lawsuit arises out of two loans made by Plaintiff Peoples National Bank, N.A., in 2007 and in 2008, to Defendant Mark S. Mehlman Realty Inc. ("MSM Realty"). Both loans were guaranteed by Defendant Mark Mehlman. Plaintiff sued MSM Realty and Mark Mehlman in Missouri state court for breach of the loan agreements and obtained a judgment against them on January 15, 2013. On May 14, 2014, during post-judgment discovery in aid of execution (the "state collection action"), the parties to the

state action signed a stipulated protective order (Doc. No. 19-1).  The stipulated protective order provided that discovery materials from the state collection action could be used only for purposes of that litigation and could not be disclosed to any person not included in the protective order.

On August 20, 2014, Plaintiff filed a motion in the collection action to remove confidential designations on some discovery materials so that Plaintiff could use the materials in other related litigation.  On June 22, 2015, the state court denied the motion.  On the same day, the state court also denied Plaintiff's motion to compel discovery against garnishees Mehlman Homes Realty, LLC ("MHR") and Mark S. Mehlman Homes, LLC ("MSM Homes"), both of which are Defendants in the present case.  According to the order of denial, Plaintiff had sought information regarding the garnishees' payments to "any employee, agent, or contractor" and "virtually every financial and corporate document" of the garnishees since January 1, 2009.  The state court reasoned that Plaintiff's request was too broad in scope and in time, given that the state judgment was entered on January 15, 2013.

On June 24, 2015, two days after the state court's denial of Plaintiff's two motions, Plaintiff filed the present action against Mark Mehlman; MSM Realty; Debra Mehlman, individually and as trustee of her trust; MHR; MSM Homes; and Mark Mehlman's sons, Scott and Blair Mehlman.  Plaintiff alleges that Mark Mehlman fraudulently induced Plaintiff to extend the loans and that all Defendants engaged in fraudulent transfers to prevent Plaintiff from collecting the state court judgment. Defendants filed a motion to dismiss the suit on the basis, *inter alia*, that the suit relied on

confidential discovery materials from the state collection action which was not allowed by the stipulated protective order in that action.. This Court denied the motion to dismiss on October 21, 2015.

On January 4, 2016, Defendants filed the present motion for entry of a protective order in the present lawsuit. Both parties agree on a substantial portion of the terms of the protective order, which provide that confidential discovery materials, such as trade secrets and sensitive business information, will not be disclosed to anyone not included in the protective order and that the protective order will continue to be in force beyond the termination of this lawsuit unless this Court orders otherwise. The parties, however, disagree whether the protective order should preclude Plaintiff from using the confidential discovery materials "in other related litigation."

Defendants argue that the protective order should preclude Plaintiff from using confidential discovery materials in related litigation, namely in the state collection action. Plaintiff argues that the protective order should not be so restrictive, insisting that the restriction proposed by Defendants will lead to costly duplicative discovery in this case and in the state collection action. Defendants counter that Plaintiff's proposal circumvents the state court's earlier denial of Plaintiff's discovery request.

## **DISCUSSION**

Under Federal Rule of Civil Procedure 26(c)(1)(G), a federal district court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed

3

or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). The movant has the burden to demonstrate good cause. *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket No. 2*, 197 F.3d 922, 926 (8th Cir. 1999). The court has discretion to determine the scope of any protective order. *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 362 (8th Cir. 2003) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)). In exercising that discretion, courts are to balance "the competing needs and interests of the parties affected by discovery." *Certain Underwriters at Lloyd's London v. Garmin Int'l, Inc.*, No. 11-CV2426-EFM, 2012 WL 3879885, at *3 (D. Kan. Sept. 6, 2012) (citation omitted).

This Court believes that Defendants have failed to show good cause for restricting the scope of the protective order as they propose. Defendants' arguments are largely conclusory and do not point to specific undue harm that this Court's adoption of Plaintiff's proposed protective order would inflict on Defendants. Moreover, the Court believes that Defendants' concern about Plaintiff's circumvention of the state court's discovery denial noted above is misplaced. This Court's adoption of Plaintiff's version of the proposed protective order will not infringe on the state court's authority to determine what discovery materials from this lawsuit may be used in the state collection action.

In sum, the Court sees no justification for this Court to issue an order precluding Plaintiff from using discovery material in related litigation. *See Dove v. Atl. Capital Corp.*, 963 F.2d 15, 19-20 (2d Cir. 1992) (holding that the district court did not abuse its discretion in denying a protective order to prevent discovery material obtained by a

4

debtor in a collection action from being used in related litigation in another country in which the debtor claimed that an individual negotiated high risk loans on behalf of debtor). Of course, Plaintiff can only discover in this case material that is discoverable under the Federal Rules of Civil Procedure.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion for entry of a protective order (Doc. No. 58) is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that Plaintiff's proposed version of the protective order shall be entered in this case by separate document.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 28th day of January, 2016.