IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PEOPLES NATIONAL BANK, N.A., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:15CV00996 AGF |
| DEBRA J. MEHLMAN, et al., | ) ) ) |
| Defendants. | ) |

## PROTECTIVE ORDER

**IT IS HEREBY ORDERED** that:

1. <u>Scope of Order</u>. This Protective Order shall govern documents and other products of discovery and all information derived therefrom, paper copies, excerpts, and summaries thereof, and electronically stored information obtained by the parties in this litigation that are designated "Confidential."

2. <u>Confidential Designations</u>. Documents or other products of discovery (e.g., deposition transcripts) that a party in good faith believes contain proprietary, trade secret, confidential, or sensitive personal or business information may be designated by a party or thirdparty producing documents as "Confidential" by marking the document "Confidential." As used herein, "proprietary" means information that is not public knowledge, and relates to or is used in the operation of the business and is viewed as property belonging to the holder thereof and would put the holder thereof at a competitive disadvantage should the information be disclosed; "trade secret" means information that would be considered a trade secret under Missouri law, Mo. Rev. Stat. § 417.453; "confidential information" means information that a party keeps confidential itself and which would cause substantial economic harm to the competitive position of the entity

1

or person from whom the information was obtained; and "sensitive personal or business information" means private financial information including but not limited to tax returns, bank records, loan documents, financial statements, net worth statements and other documents containing financial information that has otherwise been kept and treated as confidential by the party claiming confidentiality. "Confidential" designations shall be made at the time information is produced by a party or, if the information is produced by a non-party (e.g., depositions or subpoenaed materials), then within 14 days of the designating party's receipt of such information. Once such a designation is made, the designated testimony, exhibit or subpoenaed material will be treated the same as all other documents and information designated as "Confidential" hereunder.

    3. <u>Restrictions on Use of Confidential Discovery Material</u>. All materials designated by a party as "Confidential" and the contents thereof (hereinafter "Confidential Discovery Material") shall not be disclosed or divulged to others and shall be kept confidential during the pendency of this Lawsuit, except that Confidential Discovery Materials may be disclosed to:

    a. The court and the jury in this case or any related litigation;

    b. The parties to this action;

    c. Attorneys of record and employees of their law firms who are assisting the attorneys in the prosecution or defense of this litigation;

    d. Experts or other persons retained or employed by counsel for the parties to assist in the prosecution or defense of this litigation, including all employees of such experts or consultants who assist with work on this litigation subject to the terms of this protective order;

  e. Other witnesses during the course of their preparation for and the taking of their depositions or during their preparation for and examination at trial, subject to the terms of this protective order;

  f. Litigation support personnel, for copying and trial exhibit preparation; and

  g. Court reporters reasonably required for the preparation of transcripts of testimony.

 4. <u>Disclosure to Qualified Persons</u>. Confidential Discovery Material may be disclosed to the persons identified in paragraphs 3d. and 3e. above, only if prior to such disclosure each such person agrees in writing to be bound by the terms of this Protective Order by executing the "Certification" attached hereto as Exhibit A. Nothing herein shall prohibit disclosure to a party's regulators, examiners, auditors or accountants upon request of such authority or otherwise if required by law.

 5. <u>Filing of Confidential Discovery Material</u>. The Court authorizes the filing of Confidential Discovery Materials under seal and no further order allowing filing under seal is required. Provided that the parties do not publicly file any Confidential Discovery Material itself, it shall not be a violation of this order to publicly file pleadings, motions, etc. based on Confidential Discovery Material, but the specific contents of the Confidential Discovery Material shall not be specifically referenced therein. The parties and the Court will address how to handle Confidential Discovery Material at trial at a later time.

 6. <u>Return of Confidential Materials</u>. Upon request made by a party within thirty (30) days after termination of this case, either by execution of a settlement agreement or the exhaustion of any appeals or the expiration of time to appeal, all Confidential Discovery Material in the possession of a party to this litigation, or its attorneys shall be returned to the producing party or be destroyed within thirty (30) days of the request. If destroyed, the party electing to destroy

Confidential Discovery Material shall certify in writing the destruction of the Confidential Discovery Material.

    7. <u>Continuing Obligation</u>. Except to the extent public disclosure is allowed by this Court's order, the restrictions and limitations upon disclosure of Confidential Discovery Material provided for above shall not terminate upon the conclusion of this lawsuit but shall continue until further order of this Court.

    8. <u>Non-waiver of Rights</u>. Nothing contained in this Order:

    a. shall affect the right of any person or party to make any objection, claim or other response to discovery served on it;

    b. shall affect the right of any person or party to make any objection, claim or other response to any question at a deposition;

    c. shall be construed as a waiver of any legally cognizable privilege to withhold any document or information, or of any right which a person or party may have to assert such privilege at any stage of the proceedings; or

    d. shall be construed to prejudice the right of any person or party to oppose the admissibility or production of documents or other information on grounds of lack of relevancy or any other reason.

    9. <u>Resolution of Disputes</u>. This order is also entered without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of its provisions. If a party desires to challenge the "Confidential" designation of any Confidential Discovery Material, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be so resolved, any party may seek appropriate relief from the Court, although all Confidential Discovery Material shall be treated as confidential under this Order until the Court

rules on any such request for relief. The party making the "Confidential" designation shall bear the burden of proving its confidentiality to the Court.

                                                                _____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 28th day of January, 2016.