UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PEOPLES NATIONAL BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:15CV00996AGF |
| | ) | |
| DEBRA J. MEHLMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court Plaintiff's motion (Doc. No. 68) to compel further discovery responses and documents, and Defendant's motion (Doc. No. 65) to quash subpoenas served on two non-parties. For the reasons set forth below, both motions shall be granted.

## BACKGROUND

The lawsuit arises out of two loans made by Plaintiff People's National Bank, N.A., in 2007 and in 2008, in the total amount of approximately $3.6 million to Defendant Mark S. Mehlman Realty Inc. ("MSM Realty"); both loans were guaranteed by Defendant Mark Mehlman. After Plaintiff obtained a judgment in state court against these two Defendants for approximately $1.3 million for money owed on the loans, Plaintiff filed the present action against Mark Mehlman; MSM Realty; Debra Mehlman, individually and as trustee of her trust; Mehlman Homes Realty, LLC ("MHR"); Mark S. Mehlman Homes ("MSM Homes"), LLC; and Mark Mehlman's sons, Scott Mehlman and Blair Mehlman. Plaintiff alleges in Count I that Mark Mehlman fraudulently induced Plaintiff to extend the loans,

and in Counts II through VII that all Defendants engaged in fraudulent transfers to prevent Plaintiff from collecting almost all of the $1.3 million judgment.

The requests for production and interrogatories at issue seek production of financial information, including tax returns, accounting records, and bank records, generally from 2007 to the present. Additionally, Plaintiff seeks documents and information about the consideration Debra Mehlman and her trust received from MSM Homes and MHR, and capital contributions Debra Mehlman, her trust, and Mark Mehlman made to MSM Homes and MHR. Plaintiff also seeks the trust documents establishing and governing Debra Mehlman's trust, and employment contracts in effect from 2007 to present between MSM Realty and any employee or contractor of MSM Realty. With respect to requests that were initially unlimited in time, Plaintiff has limited its requests to going back to 2007 with respect to MSM Realty, and to 2009 and 2010 with respect to MSM Homes and MHR, respectively.

The third-party subpoenas at issue were directed to Rubin Brown LLP and Ken Rubin ("Rubin Brown"), the accountants for Defendants, who were asked to produce "all documents and communications regarding the general financial condition of" MSM Realty, MSM Homes, and MHR, as well as the income tax returns of MSM Realty.

With respect to the motion to compel, Defendants argue that the information sought is irrelevant and that the discovery requests at issue are overbroad. In support of their motion to quash, Defendants, joined by Rubin Brown LLP and Ken Rubin, state that the documents at issue are in Defendants' possession but Defendants have objected to their production, and Plaintiff should not be allowed to obtain documents from third parties as

an "end run" around Defendants' objections.    They also argue that the third parties should

be protected from the undue burden and expense of production.

Plaintiff argues that production from the third parties is warranted in this case

because of evidence that Defendants have in the past produced contradictory financial

information.    Plaintiff argues that the accountants are most likely to have and provide

non-fraudulent information as a financial firm responsible for preparing Defendants' taxes.

Plaintiff also notes that Defendants' initial disclosure stated that Rubin Brown LLP has

discoverable information which "may support Defendants' claims or defenses," including

information detailing the financial condition of MHR, MSM Homes, and MSM Realty, and

that it "defies belief" that Defendants might use this information in defense of the lawsuit,

but that neither Defendants nor third parties should be required to produce the documents.

In response to Defendants' assertion that Plaintiff's requests are overbroad, Plaintiff notes

that its requests are limited to topics for which Defendants disclosed Rubin Brown LLP as

having relevant information.

## DISCUSSION

Under Federal Rule of Civil Procedure 26(b)(1), parties may obtain

discovery regarding any nonprivileged matter that is relevant to any party's
claim or defense and proportional to the needs of the case, considering the
importance of the issues at stake in the action, the amount in controversy, the
parties' relative access to relevant information, the parties' resources, the
importance of the discovery in resolving the issues, and whether the burden
or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).    "Information within this scope of discovery need not be

admissible in evidence to be discoverable."    *Id*.    The party seeking discovery bears the

burden of showing relevancy. *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). In the discovery context, relevancy "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Rule 26(b)(2)(C), however, requires the court to curtail the discovery of admittedly relevant evidence if:

> (i)    the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

> (ii)    the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

> (iii)    the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Rule 45 provides the rules governing subpoenas directed at nonparties, and authorizes a district court to quash a subpoena when the subpoena requires disclosure of privileged or other protected matter, or when it subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A) (iii) and (iv). The court has especially wide latitude in deciding whether to quash a subpoena issued to a nonparty. *Swann v. Calahan*, No. 4:11CV00369 (JCH), 2011 WL 3608056, at *1 (E.D. Mo. Aug. 15, 2011). A "party seeking to quash a subpoena bears the burden to demonstrate that compliance would be unreasonable or oppressive." *Enviropak Corp. v. Zenfinity Capital*, LLC, No. 4:14CV00754 ERW, 2014 WL 4715384, at *3 (E.D. Mo. Sept. 22, 2014). "Concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter*

*No. 2*, 197 F.3d 922, 927 (8th Cir. 1999). If the party seeking the information can easily obtain the same information without burdening the nonparty, the court will quash the subpoena. *See In re Cantrell*, No. 09-mc-0158-CV-W-GAF, 2009 WL 1066011, at *2 (W.D. Mo. Apr. 21, 2009) (quashing a nonparty document subpoena because a party in the action had the information).

Here the Court concludes that given the nature of this lawsuit, the financial statements, tax returns, accounting records, records of consideration received by one Defendant from another, bank records, and (capital) contributions made to MSM Homes and MHR Realty by other Defendants are relevant and generally discoverable. Given the time limits Plaintiff has added to its requests that did not have such limits, and the other limitations set forth in Plaintiff's memoranda, the Court does not believe the requests are overbroad. In addition, the trust documents for the Debra Mehlman Trust are relevant. The Court notes that a protective order is in place in this case pursuant to which Defendants can designate as "confidential," documents they believe contain confidential information.

The Court agrees with Defendants and Rubin Brown, however, that Plaintiff is properly limited to obtaining the documents and information it seeks from Defendants at this time. Defendants have represented that all documents that Plaintiff seeks from Rubin Brown are in Defendants' possession. As such, the documents should be produced pursuant to this Order. To the extent any documents covered by this Order on the motion to compel are only in the custody of Rubin Brown, the Court assumes and finds that such documents are in Defendants' "control," and Defendants must obtain them from Rubin Brown and produce them.

Plaintiff's arguments for seeking the material from Defendants' accountants are unpersuasive. Defendants have represented that they do not intend to call Rubin Brown's accountants as witnesses at trial and, as Defendants note, they would likely be precluded from doing so in light of the representations in their motion to quash. If Defendants fail to produce any of the relevant discoverable material, claiming the documents are solely in the custody of Rubin Brown, or if after the production of documents Plaintiff can make a proper showing that the financial records produced by Defendants appear to be irregular or inauthentic, Plaintiff may file a motion to reconsider this Court's Order on the motion to quash.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to quash is **GRANTED**. (Doc. No. 65.)

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel, as further limited by Plaintiff's memorandum, is **GRANTED**. (Doc. No. 68.)

**IT IS FURTHER ORDERED** that on or before June 17, 2016, the parties shall submit a joint proposed scheduling plan for the continued litigation of this case. Only one proposed scheduling plan may be submitted, and it must be signed by counsel for all parties. It will be the responsibility of counsel for Plaintiff to actually submit the joint proposed scheduling plan to the Court. If the parties cannot agree as to any matter

required to be contained in the joint plan, the disagreement must be set out clearly in the joint proposal, and the Court will resolve the dispute.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 7th day of June, 2016.