UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PEOPLES NATIONAL BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15CV00996 AGF |
| | ) | |
| DEBRA J. MEHLMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This diversity matter is before the Court on Plaintiff's motion for leave to file an amended complaint adding new claims against three new Defendants. The lawsuit arises out of two loans made by Plaintiff People's National Bank, N.A., in 2007 and in 2008, in the total amount of approximately $3.6m to Defendant Mark S. Mehlman Realty Inc. ("MSM"); both loans were guaranteed by Defendant Mark Mehlman. In 2009, MSM defaulted on the two loans noted above, and in 2011, Plaintiff filed suit in Missouri state court against MSM and Mark Mehlman for beach of the loan agreements. On January 15, 2013, Plaintiff obtained a judgment against these two Defendants in the amount of approximately $1.3m for money owed on the loans.

In the present action filed on June 24, 2015, Plaintiff alleges that MSM and Mark Mehlman, along with five other interrelated Defendants (Debra Mehlman, individually and as trustee of her trust; Mehlman Homes Realty, LLC; Mark S. Mehlman Homes,

LLC; and Mark Mehlman's sons, Scott Mehlman and Blair Mehlman), engaged in fraudulent transfers to prevent Plaintiff from collecting the $1.3m judgment.

The Case Management Order ("CMO") entered on Septemebr 22, 2015, set December 15, 2015, as the deadline for motions for joiner of additional parties or amendment of pleadings. An amended CMO was entered on July 29, 2016, setting new discovery deadlines, including a discovery completion date of December 23, 2016, a dispositive motions deadline of January 20, 2017, and a trial date of June 12, 2017.

In its present motion, filed on October 20, 2016, Plaintiff seeks leaves to amend the complaint by adding claims against three additional corporations. Plaintiff asserts that through recent depositions in this matter, it has discovered that Defendants' scheme extends to three recently-formed companies, that are related to those companies named in the initial complaint. Plaintiff asserts that new discovery deadlines would be needed, but it hopes this could be done without needing to move the current trial date. Defendants oppose the motion, asserting that they would be unduly prejudiced by the late joinder, as it would delay the final disposition of the action, and entail added expenses. They posit that Plaintiff could sue in a separate action the three entites they seek to join in this case.

Under Federal Rule of Civil Procedure 15(a), a court "should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a). Notwithstanding this liberal standard, a court may deny leave to amend "if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Reuter v. Jax Ltd.*, 711 F.3d 918, 922 (8th Cir. 2013) (citation omitted).

2

When, as here, a party seeks leave to amend its complaint after the deadline in the applicable CMO, Rule 16(b)'s "good cause" standard for modifying a CMO is also implicated.

Here, the Court believes that Plaintiff has shown good casue for allowing it to amend the complaint. No bad faith or dilatory tactics on Plaintiff's part are involved. The Court is mindful that granting Plaintiff's motion may necessitate moving the trial date in the case. But even if that turns out to be so, the extension would be relatively short. On balance, the Court believes that justice requires allowing the proposed amendment.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion (Doc. No. 82) for leave to file an amended complaint is **GRANTED**. The Clerk's Office is directed to detach the proposed amended complaint (Doc. 82-1) and docket it as Plaintiff's First Amended Complaint.

**IT IS FURTHER ORDERED** that Plaintiff shall obtain prompt service of process on the newly-named Defendants, and shall notify the Court when all newly-named Defendants have been served. Within ten days of an answer or other responsive pleading by these Defendants, the parties shall file a new joint proposed scheduling plan for the continued litigation of the case.

                                                AUDREY G. FLEISSIG
                                                UNITED STATES DISTRICT JUDGE

Dated this 18th day of November, 2016.